ELLA G. MONTGOMERY, ADMINISTRATRIX, v. CAROLINA AND
NORTHWESTERN RAILWAY COMPANY.

(Filed 5 May, 1915.)

**Railroads—Trials—Instructions—Appeal and Error—Harmless Error.**
In this action to recover of a railroad company damages for the negligent killing of the plaintiff's intestate, an employee, the verdict was in plaintiff's favor, and exception to the charge is taken upon the small amount of the damages awarded, contended to have resulted by the jury's diminishing the amount in considering the question of contributory negligence. Construing the charge as a whole, it appears that only the defendant's negligence was considered, and no reversible error is found.

*Squires & Whisnant, Thomas Newland, M. N. Harshaw, and Murray Allen for plaintiff.*
*J. H. Marion and W. C. Newland for defendant.*

PER CURIAM. We have examined the record carefully, and considered the able argument and learned brief of plaintiff's counsel submitted to us, and find no error in the trial of the case. The jury answered the issue, as to negligence, in favor of the plaintiff, and the exceptions relate, therefore, to the issue as to damages, which were assessed at $1,000, the plaintiff contending that the amount is too small and that the verdict in this respect was influenced by an erroneous charge of the court. If considered in detached portions, there may be some ground for the exception, but it should be taken and construed in its entirety, as we have so often held. *Aman v. Lumber Co.*, 160 N. C., 374; *S. v. Exum*, 138 N. C., 599; *Kornegay v. R. R.*, 154 N. C., 389; *McNeill v. R. R.*, 167 N. C., 390.

His Honor distinctly told the jury that if the injury and death of intestate were caused by a violation of the safety appliance act of Congress, they should not consider the intestate's contributory negligence, if there was any, in diminution of the damages. We are induced to believe, after a careful review of the charge and the evidence, that the jury found that the intestate's death was caused by a violation of the safety appliance act, and for some reason satisfactory to themselves they agreed upon this verdict, though small it may be, or not as full as plaintiff thinks it should have been. If it was so, the remedy for the correction of the alleged error was by motion, in the court below, to set aside the verdict.

The charge as to the measure of damages, we think, was at least substantially correct and a sufficient compliance with the law. It would seem that in one or two respects the charge was liberal to the plaintiff.

No error.